1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ENRIQUE VILLEGAS-CAMACHO,           )
                                    )
        Petitioner,                 )          3:06-cv-0072-JCM-RAM
                                    )
vs.                                 )          **ORDER**
                                    )
DON HELLING, *et al.*,              )
                                    )
        Respondents.                )
_____/

        This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Enrique Villegas-Camacho, a prisoner at Nevada State Prison. The matter is before the court with respect to the merits of the petition.

**I.      Procedural History**

        On October 22, 2002, the State filed a criminal complaint in the justice court of Reno township. (Exhibit 2). The State charged petitioner with the following: Count I, trafficking in a controlled substance, a violation of NRS 453.3385(1); Count II, unlawful sale of a controlled substance, a violation of NRS 453.321; Count III, trafficking in a controlled substance, a violation of NRS 453.3385(3); Count IV, trafficking in a controlled substance, in violation of NRS 453.3385(2); Count V, trafficking in a controlled substance, a violation of NRS 453.3385(1); and Count VI,

unlawful sale of a controlled substance, a violation of NRS 452.321.  (Exhibit 2).  Petitioner waived a preliminary hearing.  (Exhibits 1, 4, 10).

On January 23, 2003, the state charged petitioner by information with the following: Count I, trafficking in a controlled substance, a violation of NRS 453.3385(1); Count II, unlawful sale of a controlled substance, a violation of NRS 453.321; Count III, trafficking in a controlled substance, a violation of NRS 453.3385(3); Count IV, trafficking in a controlled substance, in violation of NRS 453.3385(1);  Count V, trafficking in a controlled substance, a violation of NRS 453.3385(1); and Count VI, unlawful sale of a controlled substance, a violation of NRS 452.321. (Exhibit 6).

On January 21, 2003, the date scheduled for arraignment, the court granted petitioner's motion for a psychiatric examination to determine his competency to assist in his own defense.  (Exhibit 4).  Following a hearing, the court continued the arraignment and granted the motion.  (Exhibits 7 and 8).

On March 20, 2003, following review of the psychiatric evaluations, the court found petitioner competent to assist counsel.  (Exhibit 9).  The court granted petitioner's motion to remand the matter to justice court.  (Exhibits 9 and 10).

At the conclusion of the preliminary hearing on April 24, 2003, the justice court amended the criminal complaint by interlineation upon the oral motion of the state.  (Exhibit 12, at pp. 46-47).  The court bound petitioner over to the state district court on all counts of the amended complaint.  (Exhibits 12 and 14).

On April 29, 2003, the state filed a second information charging petitioner with the following:  Count I, trafficking in a controlled substance, a violation of NRS 453.3385(1); Count II, unlawful sale of a controlled substance, a violation of NRS 453.321; Count III, trafficking in a controlled substance, a violation of NRS 453.3385(3); Count IV, trafficking in a controlled substance, in violation of NRS 453.3385(3);  Count V, trafficking in a controlled substance, a

1    violation of NRS 453.3385(1); and Count VI, unlawful sale of a controlled substance, a violation of

2    NRS 452.321.  (Exhibit 15).

3            After arraignment, petitioner pled not guilty to all charges.  (Exhibit 18, at pp. 3-4).

4            On June 3, 2004, petitioner signed and filed a guilty plea memorandum.  (Exhibit 26).

5    Petitioner, his attorney, and the translator/interpreter signed the memorandum.  (*Id.*, at p. 7).  That

6    same date, the date set to confirm the trial date of June 7, 2004, petitioner appeared to change his

7    plea in open court.  (Exhibit 27, at p. 2).  Petitioner, with the aid of an interpreter, changed his plea,

8    entering a guilty plea to Counts I and III of the second information, with the state agreeing to

9    recommend concurrent sentences.  (Exhibit 27).

10           On September 10, 2004, the court sentenced petitioner on Count I to 12-36 months

11   and $5,000 fine, and on Count II, to 10-25 years, to run concurrently with Count I.  (Exhibit 28).  On

12   September 10, 2004, the court filed the judgment of conviction.  (Exhibit 29).

13           Petitioner did not file a direct appeal.  (Exhibit 39, at p. 1).  On December 10, 2004,

14   petitioner filed a *pro per* state post-conviction habeas petition.  (Exhibit 31).  Petitioner raised a

15   single issue of ineffective assistance of counsel, claiming that his counsel manipulated him into

16   accepting the plea negotiations.  (*Id.*).  Within that claim, petitioner also alleged that the state district

17   court denied the petition without an evidentiary hearing.  (*Id.*).  On February 3, 2005, the state

18   district court denied the petition without an evidentiary hearing.  (Exhibit 33).

19           Petitioner appealed the denial of his state habeas petition.  (Exhibit 35).  On May 19,

20   2005, the Nevada Supreme Court denied the appeal.  (Exhibit 39).  Remittitur issued on June 14,

21   2005.  (Exhibit 41).

22           On February 6, 2006, petitioner dispatched his federal habeas petition to this court.

23   (Docket #5).  Petitioner raises four grounds in his petition.  (*Id.*).

24           Respondents moved to dismiss the petition on grounds of failure to exhaust his

25   claims.  (Docket #7).  By order filed March 19, 2007, the court granted in part, and denied in part,

26

3

1   respondents' motion to dismiss the petition.  (Docket #17).  The court determined that ground one,

2   subparts (b) and (c), ground three, except as to the claim that his plea was involuntary because of the

3   interpreter's misinformation about the possible sentence petitioner would receive, and ground four,

4   were unexhausted in state court.  (*Id.*).  The court's order specified that petitioner could either

5   abandon his unexhausted claims or show good cause for his failure to exhaust.  (*Id.*).

6          Petitioner eventually filed his notice of abandonment, indicating that he abandons all

7   unexhausted grounds of the petition.  (Docket #23).  On January 20, 2009, respondents filed an

8   answer to the remaining grounds for relief.  (Docket #29).  Petitioner was granted the opportunity to

9   file a reply, but he did not.  (Docket #30).  The court now addresses the merits of the remaining

10  grounds in the petition.

11  **II.     Federal Habeas Corpus Standards**

12          The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §

13  2254(d), provides the legal standard for the court's consideration of this habeas petition:

14                  An application for a writ of habeas corpus on behalf of a person
              in custody pursuant to the judgment of a State court shall not be
15            granted with respect to any claim that was adjudicated on the merits in
              State court proceedings unless the adjudication of the claim –
16
                  (1) resulted in a decision that was contrary to, or involved an
17            unreasonable application of, clearly established Federal law, as
              determined by the Supreme Court of the United States; or
18
                  (2) resulted in a decision that was based on an unreasonable
19            determination of the facts in light of the evidence presented in the State
              court proceeding.
20
            The AEDPA "modified a federal habeas court's role in reviewing state prisoner
21
    applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are
22
    given effect to the extent possible under law."  *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state
23
    court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28
24
    U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the
25
    Supreme Court's] cases" or "if the state court confronts a set of facts that are materially
26

                                                    4

indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a state court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III.   Discussion**

**A.  Grounds One (b) and (c), Ground Three, and Ground Four**

By order filed March 19, 2007, this court found ground one, subparts (b) and (c), ground three, except as to the claim that the plea was involuntary, and ground four to be unexhausted. (Docket #17). Petitioner abandoned these claims and they are therefore dismissed.

**B.  Ground One, Subpart (a)**

In ground one, petitioner claims:

1

> Petitioner was denied effective assistance of counsel when counsel
> allowed and coerced Petitioner to enter into an involuntary,
> unintelligent and unknowing plea, in violation of Petitioner's rights as
> guaranteed by the Fifth, Sixth and Fourteenth Amendments to the
> United States Constitution.

2

3

(Docket #5, at 3A).  In subpart (a), petitioner alleges that counsel informed him, through an

interpreter, that he would receive probation for a plea of guilty, as though an arrangement had been

made with the state.  (*Id.*).

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must show, first,

that counsel's representation fell below an objective standard of reasonableness, based on prevailing

professional norms.  *Id.* at 688-90.  Second, the petitioner must demonstrate that the identified acts

or omissions of counsel prejudiced his defense.  He must establish "a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at

694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id.*

The application of the *Strickland* test where ineffectiveness of counsel is alleged to

invalidate a plea has been defined as follows:

> [T]he two-part *Strickland v. Washington* test applies to challenges to
> guilty pleas based on ineffective assistance of counsel.  In the context
> of guilty pleas, the first half of the *Strickland v. Washington* test is
> nothing more than a restatement of the standard of attorney
> competence already set forth in *Tollett v. Henderson, supra*, and
> *McMann v. Richardson, supra*.  The second, or "prejudice,"
> requirement, on the other hand, focuses on whether counsel's
> constitutionally ineffective performance affected the outcome of the
> plea process.  In other words, in order to satisfy the "prejudice"
> requirement, the defendant must show that there is a reasonable
> probability that, but for counsel's errors, he would not have pleaded
> guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58 (1985)

In the instant case, petitioner stated that he was satisfied with his counsel and that his

plea was not coerced, both in his plea memorandum and during the plea canvass.  (Exhibit 26, at

paragraphs 13, 15, 16, 17; Exhibit 27, at pp. 3, 5).  The guilty plea memorandum was signed by

6

1    petitioner and co-signed by counsel and the interpreter/translator.  (Exhibit 26, at pp. 3-7).  On June

2    3, 2004, the court convened to confirm the trial date of June 7, 2004.  (Exhibit 27, at p. 2).  Defense

3    counsel then presented the agreed upon plea negotiations to the court.  Under the agreement, that

4    petitioner would plead guilty to two of the six counts, with the state recommending concurrent

5    sentences.  (*Id.*, at pp. 2-3).  The court asked petitioner if he understood the negotiation.  Petitioner

6    acknowledged that he did understand.  Through the interpreter, petitioner further acknowledged

7    having sufficient time to discuss the matter with his counsel, and that he was satisfied with the legal

8    services rendered by counsel.  (*Id.*, at p. 3).  The court asked petitioner if he had received any

9    promises other than what was contained in the negotiations to induce him to plead guilty, or if any

10   threats were made to him.  Petitioner himself stated ,"No."  (*Id.*, at p. 5).

11          After petitioner pled guilty through the interpreter, the court accepted the pleas, noting

12   that petitioner demonstrated that he understood his constitutional rights and effectively waived them.

13   (*Id.*, at p. 8).  It was further noted that petitioner would not be subject to probation on either Count I

14   or III unless he complied with statutory requirements.  (*Id.*, at p. 9).

15          If petitioner had gone forth on all the charges, he faced the potential for significantly

16   more prison time.  Instead, petitioner, who faced the possibility of life sentences, received 12-36

17   months and a $5,000 fine on Count I, and 10-25 years on Count III, to run concurrently with Count I.

18   (Exhibits 28 and 29).  The record demonstrates that petitioner acknowledged in the guilty plea

19   memorandum and during sentencing that probation might be available only under certain

20   circumstances, and that the final sentencing decision was in the sole discretion of the court.

21   Petitioner has provided no evidence of coercion by his counsel.

22          In reviewing this claim, the Nevada Supreme Court found and held as follows:

23          We conclude that appellant has failed to demonstrate that his trial
            counsel's performance was deficient or that he was prejudiced.

24          Appellant was informed in the guilty plea agreement and during the
            plea canvass that he waived his right to a jury trial by entry of his

25          guilty plea.  The district court specifically informed appellant during
            the plea canvass that he did not have to enter a guilty plea and he

26

7

1                 indicated that he understood.  Appellant affirmatively indicated in the
2                 written guilty plea agreement and during the plea canvass that he was
                not entering his plea under any threats or coercion.  Therefore, we
3                 conclude that he failed to demonstrate that his counsel was ineffective
                in this regard.

4 (Exhibit 39, at pp. 1-2).

5           The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).

6 Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was

7 contrary to, or involved an unreasonable application of, clearly established federal law, as

8 determined by the United States Supreme Court, or that the ruling was based on an unreasonable

9 determination of the facts in light of the evidence presented in the state court proceeding.

10           This court has reviewed the record with respect to petitioner's claim of ineffective

11 assistance of counsel related to his guilty plea.  Counsel's performance did not fall beyond an

12 objective standard of reasonableness under prevailing norms.  Nor has petitioner satisfied the

13 prejudice prong of the *Strickland* analysis, as he has not shown that there is a reasonable probability

14 that, but for counsel's alleged errors, he would not have entered into the guilty plea and would have

15 insisted on going to trial.  Petitioner's counsel was not ineffective and this court will deny habeas

16 relief with respect to ground one, subpart (a).

17      **C.  Ground Two**

18           At ground two of the petition, petitioner claims the following:

19                 Counsel's misadvice as to the sentence Petitioner would receive if he
                pled guilty constituted ineffective assistance of counsel under the Sixth
20                 and Fourteenth Amendments to the United States Constitution,
                rendering Petitioner's guilty plea involuntary.
21
22 (Docket #5, at 5A).  Petitioner alleges that defense counsel informed him prior to the entry of his

23 guilty plea, through an interpreter, that he would receive probation and extradition to Mexico for a

plea of guilty.  (*Id.*).  Petitioner accepted the plea, believing he would be in Mexico in less than the
24
10-25 years to which he was sentenced.  (*Id.*).  Petitioner argues that his plea was involuntary.  (*Id.*).
25

26

1    "A plea of guilty and ensuing conviction comprehend all the factual and legal

2 elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *U.S. v.*

3 *Broce*, 488 U.S. 563, 569 (1989).  To be valid, a guilty plea must be knowing, voluntary, and

4 intelligent.  *U.S. v. Brady*, 397 U.S. 742, 748 (1970).  A guilty plea must represent a voluntary and

5 intelligent choice among alternative courses of action open to a defendant.  *Hill v. Lockhart,* 474

6 U.S. 52, 56 (1985).  Advice for a guilty plea does not require a description of every element of the

7 offense.  *Bargas v. Burns*, 179 F.3d 1207, 1216 (9th Cir. 1999) (citation omitted).  The court looks to

8 what a defendant reasonably understood at the time of the plea.  *U.S. v. Quan*, 789 F.2d 711, 713 (9th

9 Cir. 1986).  "A habeas petitioner bears the burden of establishing that his guilty plea was not

10 voluntary and knowing.  *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006) (citation omitted).

11 The plea colloquy indicates that petitioner entered his guilty plea knowingly and voluntarily.  "A plea

12 is voluntary [and intelligent] only if it is entered by one fully aware of the direct consequences of his

13 plea . . . ."  *Little v. Crawford*, 449 F.3d at 1080 (citing *United States v. Amador-Leal*, 276 F.3d 511,

14 514 (9th Cir. 2002) (citation and internal quotations omitted).

15    The guilty plea memorandum demonstrates that petitioner understood that probation

16 would only be available under specific circumstances, and that the court had full discretion as to the

17 ultimate sentence.  (Exhibit 26).  During sentencing, the court made it clear that probation would

18 only be available under specific circumstances, and that the court retained full discretion as to the

19 sentence.  (Exhibit 27).  The court gave petitioner the opportunity to ask questions or raise concerns,

20 but petitioner raised no question or concern to the judge.  (*Id.*).  In addressing this issue, the Nevada

21 Supreme Court found and held that petitioner's plea was voluntary, intelligent, and knowing.

22 (Exhibit 39, at p. 2).

23    The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).

24 Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was

25 contrary to, or involved an unreasonable application of, clearly established federal law, as

26

9

1   determined by the United States Supreme Court, or that the ruling was based on an unreasonable

2   determination of the facts in light of the evidence presented in the state court proceeding.  This court

3   has reviewed the record and finds that petitioner's guilty plea was voluntary, intelligent, and

4   knowing.  This court will deny habeas relief with respect to ground two of the petition.

5        **D.  Ground Three**

6            In ground three of the petition, petitioner claims:

7            Petitioner was denied his rights of Due Process of law as guaranteed
             by the Fifth and Fourteenth Amendments to the United States
8            Constitution when the interpreter used throughout the judicial
             proceedings did not properly interpret or otherwise perform his duties
9            as required by law.

10  (Docket #5, at 7A). This court previously found that the only portion of ground three that was

11  exhausted is the allegation that the interpreter misinformed him that he would receive probation and

12  be sent back to Mexico if he accepted the guilty plea.  (Docket #17, at p. 7).

13           Petitioner does not allege that the interpreter failed to interpret the statements by the

14  state district court as to his constitutional rights or anything else.  During the plea canvass, petitioner

15  never told the judge that the interpreter told him how to answer questions to the court.  When the

16  judge gave petitioner the opportunity to ask questions or raise concerns, petitioner did not report any

17  difficulty regarding the interpreter to the judge.  This court also notes that in the transcript of the plea

18  canvass, petitioner often answered the questions in English, rather than through his interpreter.

19  (Exhibits 27 and 28).  Moreover, petitioner does not allege that the interpreter failed to fully and

20  accurately interpret the guilty plea memorandum.  The same constitutional rights reviewed by the

21  district court at the plea hearing were discussed in depth in the guilty plea memorandum. (Exhibit 26

22  and 27).  Petitioner signed the plea agreement, acknowledging all of the contents of the agreement,

23  including the constitutional rights that petitioner waived as a result of his guilty plea.  (Exhibit 26, at

24  pp. 2-7).

25           In addressing this claim, the Nevada Supreme Court found and held as follows:

26

10

1

Next, appellant claimed that his guilty plea was not entered voluntarily
because the interpreter informed him that he would get probation and

2

be sent back to Mexico if he accepted the guilty plea.  We conclude
that appellant failed to carry his burden of demonstrating that his guilty

3

plea was not entered voluntarily.  [Footnote 3: Bryant v. State, 102
Nev. 268, 721 P.2d 364 (1986); see also Hubbard v. State, 110 Nev.

4

671, 877 P.2d 519 (1994).].  Appellant indicated in the guilty plea
agreement and during the plea canvass that he had not received any

5

promises in exchange for his plea.  Appellant was informed during the
plea canvass of the potential penalties he faced by entry of his plea.

6

Appellant was specifically informed that probation was only available
if certain conditions were met.  The written plea agreement, which

7

appellant and the interpreter signed, indicated that probation was
available only if the district court determined that appellant met the

8

provisions of NRS 453.3405.  Therefore, we conclude that the district
court properly determined that his claim was without merit.

9

(Exhibit 39, at pp. 2-3).

10

The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).

11

Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was

12

contrary to, or involved an unreasonable application of, clearly established federal law, as

13

determined by the United States Supreme Court, or that the ruling was based on an unreasonable

14

determination of the facts in light of the evidence presented in the state court proceeding.  This court

15

has reviewed the record and finds that petitioner's guilty plea was voluntary, intelligent, and

16

knowing, and was not the product of promises made by the interpreter.  This court will deny habeas

17

relief with respect to ground three of the petition.

18

**IV.    Conclusion**

19

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is

20

**DENIED IN ITS ENTIRETY**.

21

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT**

22

**ACCORDINGLY.**

23

DATED this 23rd day of March, 2009.

24

25

UNITED STATES DISTRICT JUDGE

26

11